# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

**Appeal No. 11-1792**

**UNITED STATES OF AMERICA,**
**Appellee**

v.

**BRIMA WURIE,**
**Defendant-Appellant**

## GOVERNMENT'S MOTION TO CLARIFY THE JUDGMENT

The United States of America respectfully moves this Court to clarify that the Court's judgment "vacat[ing] [Wurie's] conviction" applies only to Counts One and Three of the Indictment.[1] In support of this request, the undersigned states the following:

1. On March 27, 2008, Wurie was charged in a three-count indictment with (1) felon in possession of a firearm and ammunition (Count One), (2) distribution of five or more grams of cocaine base (Count Two), and (3) possession of 50 grams or more of cocaine base with intent to distribute (Count Three). [App.16-19]. Counts One and Three were based on the items (215.8 grams of crack cocaine, a firearm, and ammunition) seized from Wurie's home after he was

---

[1] By even date, the government is filing a *Petition For Rehearing En Banc*, requesting that the full Court vacate the panel decision and consider en banc the bright-line rule established by the panel majority that the contents of a cell phone may never be searched incident to a lawful arrest.

arrested for selling 6.4 grams of crack cocaine to Fred Wade. [D.72 at pp.77-79, 88-91]. Count Two was based on the sale of drugs to Wade. [D.72 at pp.142-153; D.73 at pp. 2-16].

2. On appeal, Wurie challenged the district court's denial of his motion to suppress evidence obtained from the warrantless search of his cell phone incident to his arrest, and his sentence.

3. On May 17, 2013, a divided panel of this Court held that the warrantless search of Wurie's cell phone violated the Fourth Amendment. The Court therefore ordered: "The district court's denial of Brima Wurie's motion to suppress is reversed, his conviction is vacated, and the matter is remanded to the district court for further proceedings consistent with the opinion issued this day."

4. The Court's Judgment may inadvertently suggest that the Court vacated Wurie's conviction on Count Two of the indictment, the distribution charge. The government assumes that the Court did not intend any such suggestion. As noted in the government's brief at page 42 n.13, Wurie's guilt on the distribution charge was established by evidence obtained prior to his arrest and the warrantless search of his cell phone, namely: testimony from the officer who saw Wurie sell crack cocaine to Wade and the crack cocaine seized from Wade immediately after the transaction. Because that evidence preceded and was not a

fruit of the warrantless cell phone search, it is untouched by the Court's decision to reverse the denial of Wurie's motion to suppress evidence. Therefore, Wurie's conviction on Count Two remains valid and should not be vacated.

5. Accordingly, the government requests that the Court clarify that only Counts One and Three have been vacated, and that the conviction on Count Two remains valid.

6. If the Court intended to vacate all three counts, the government respectfully requests that it reconsider that determination and correct the Judgment.

For these reasons, the government respectfully requests that the Court allow this motion.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: */s/ Kelly Begg Lawrence*
KELLY BEGG LAWRENCE
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I, Kelly Begg Lawrence, Assistant U.S. Attorney, do hereby certify that on this day, July 16, 2013, I electronically served a copy of the foregoing document on the following registered participant of the CM/ECF system: Ian Gold, Esq., Federal Public Defender Office, 51 Sleeper Street, 5th Floor, Boston, MA 02210.

*/s/ Kelly Begg Lawrence*
KELLY BEGG LAWRENCE